## MUSKINGUM WATERSHED CONSERVANCY DIST. v KAUFMAN et

Ohio Appeals, 9th Dist.,
Wayne Co.

No. 1055. Decided May 14, 1940.

Matthew J. Smith, New Philadelphia, and Dean H. Weimer, Wooster, for appellee.

Henry Critchfield, Wooster, and Robert Brenner, Wooster, for appellant.

### OPINION

By DOYLE, J.

The appellant owned land within the confines of territory selected for the Muskingum Watershed Conservancy District. Proceedings were instituted under the Conservancy act (§6326-1 GC, et seq) to appropriate the fee simple title to his land for public uses.

The property was appraised by the board of appraisers of the district, and a valuation of $3980 was entered of record. This valuation was confirmed by the Conservancy District Court. To this action, the appellant excepted. He was then accorded a hearing, which resulted in the overruling of the exceptions.

Appeal was thereupon perfected to the Court of Common Pleas of Wayne county, in compliance with §6828-34 GC, which section granted the land owner the right to a trial by jury for the purpose of fixing the value of the property to be taken. A petition, in accordance with the terms of the statute, was filed on the 16th day of March, 1937. On the 17th day of April, 1937, the preliminary questions were determined by the court, and the issue as to the valuation of the land was set for trial on April 29, 1937.

Upon motion of the plaintiff (the conservancy district), the hearing was indefinitely continued. Hearing was finally had on the 10th day of April, 1939. The jury returned a

verdict finding the value of the land appropriated to be $4496.69, and judgment for that amount was entered in favor of the land owner. From this judgment appeal has been perfected to this court on questions of law.

It is principally urged by the appellant that the court erred in giving the following instructions to the jury at the request of the appellee, prior to the argument of counsel:

"1. You are instructed that your verdict in this case should be the fair and reasonable market value of the real estate described in the petition at the present time. By 'the present time' is meant the time or date of this trial."

"2. Evidence has been admitted as to flooding of this property at various times in the past and opinions have been expressed by some witnesses as to the causes of such flooding. Such evidence was admitted only for the purpose of showing the present condition of this property and thus to better enable you to reach a conclusion as to its fair and reasonable market value at the present time."

3. You are not to increase the amount of your verdict in this case to include any depreciation that may have resulted in the value of the property from flooding during and since 1935, regardless of whether such flooding was caused by the Mohicanville dam or not. If such flooding was in any way caused or affected by such dam and depreciation in the value of this real estate resulted therefrom, the appellant would be entitled to recover the amount thereof in a separate action brought for that purpose, and such depreciation must not be taken into consideration in reaching your verdict in this case."

The first instruction given the jury was in all respects proper. Under §19, Art. I, of the constitution of Ohio, private property is "held inviolate, but subservient to the public welfare." When taken for public use, a compensation therefor must first be made in money or first secured by a deposit of money. And such compensation shall be assessed by a jury. It follows therefrom that there can be no taking of private property until the provisions of the constitution have been satisfied. It further logically follows that the value of the property must be determined as of the time of the taking—i. e., at the time of the trial. The Miami Conservancy District v Bowers, et al., 100 Oh St 317.

There is evidence in the record which tended to prove that as early as 1935 the land in question was injured and that the valuation thereof was decreased, as the result of the construction of a dam in the drainage basin in which the property is situated; and that the various work projects in the basin caused severe flooding of the area which included the property in question. Other evidence tended to disprove these contentions. It is the contention of the appellant that the "taking" of his property commenced at the time when some of his evidence tended to show that his property was damaged as a result of the various work projects in the valley. He states his claim in the following language: "the appellant suffered an interference to the possession and enjoyment of his property at that time, which was tantamount to a taking as contemplated by the general law, as well as by the Ohio law, as set forth in the opinions of the Ohio courts."

482

Instruction No. 2 was proper, for the reason that the jury was entitled to know the uses to which this farm land could be adapted, and further to know whether, under the conditions existing, any damage to his land had resulted from the construction of the dam which decreased the value of the property; the foregoing for the purpose of determining the true value of the property at the time of its actual taking.

It is true that a jury might in a proper case determine that the property had been  damaged as a result of the construction of the dam or from some other work project in the basin and that the owner should receive reimbursement. But the fact that the owner suffered such damage does not change the rule given in instruction No. 1, supra.

Under such circumstances his recourse is in the courts, in a proper action brought to recover damages for injury to his property occurring prior to the actual taking of the fee.

The recovery of damages resulting from trespass such as is claimed in the instant case is not barred by the proceedings of the Conservancy District to appropriate the fee to the property. And the Conservancy act itself makes ample provision for such an action. §6828-62 GC.

However, such damages are not to be taken into consideration by the jury in determining the amount of compensation to be awarded to a property owner, where the fee to his property is taken for public use, except in so far as they may bear upon the present value of the property taken.

It therefore follows that the giving of instruction No. 3 was proper.

We have examined the remaining claims of error, and find none prejudicial to the rights of the appellant.

Judgment affirmed.

WASHBURN, PJ., & STEVENS, J., concur.