## HOPKINS v UPPER SCIOTO DRAIN. & CONSERV. DIST.

Ohio Appeals, 3rd Dist, Hardin Co.

No. 316. Decided June 6, 1940.

Price & Price, Kenton, for plaintiff-appellant.

J. R. Stillings, Kenton, for defendant-appellee.

## OPINION

BY THE COURT:

This is an appeal on questions of law from a judgment of the Common

346

Pleas Court of Hardin County, sustaining a demurrer to the petition of the plaintiff and dismissing the same, in an action pending therein wherein B. M. Hopkins was plaintiff and The Upper Scioto Drainage & Conservancy District, a body corporate and political subdivision of the State of Ohio, having its office at Kenton, Ohio, was defendant.

The cause of action set forth in the petition is based on the alleged neglect and failure of the defendant, Upper Scioto Drainage & Conservancy District, to maintain the waterways or ditch in such conservancy district, in such condition as to allow the free and unobstructed flow of water therein, thereby ruining plaintiff's crop of potatoes to his damage.

Under the statutes pursuant to which the defendant was created and organized, the defendant is a political subdivision of the State of Ohio, a body corporate with all the powers of a corporation, and perpetual existence, with power to sue and be sued, to incur debts and liabilities and obligations. Its board of directors has power and authority to devise, prepare for, execute, maintain and operate any or all works or improvements necessary or desirable to complete, maintain, operate and protect the official plan of the conservancy district, and is authorized to levy an assessment upon land and corporate property within the district to maintain, operate and preserve the reservoirs, ditches, drains, dams, levees, canals or other improvements made pursuant to the act authorizing the organization of the district, and to strengthen, repair and restore the same when needed, and for the purpose of defraying the current expense of the district.

The powers conferred on the board of directors in the maintenance and operation of the official plan of the conservancy district are plenary in character and there is no statutory provision prescribing any specific or particular method or manner in which the powers shall be exercised, or specially enjoining any specific or particular duty with reference thereto, so that in the exercise thereof the board is vested with full official discretion.

The conservancy district, through the statutory provision relating to its organization and the conferrance of the powers mentioned, is an instrumentality of the state government, and in the exercise of such powers, performs only a governmental function.

In the absence of statutory provision to the contrary, an instrumentality of the state government is not liable for injuries occurring in connection with matters relating to the exercise of its governmental functions. **28 O. Jur. 950.** Consequently the liability, if any, of the defendant in the instant case is wholly dependent upon whether there are statutory provisions imposing liability upon it, contrary to the rule mentioned.

The only statutory provision in any way reflecting upon the subject matter of claims for injuries sustained through the maintenance or operation of the official plan of a conservancy district, are those of §6828-62 GC, reading as follows:

"Remedy for Injury by District. In case any person or public corporation, within or without any district organized under this chapter, shall consider itself injuriously affected in any manner whatsoever by any act performed by any official or agent of such district, or by the execution, maintenance or operation of the official plan, and in case no other method of relief is offered under this chapter the remedy shall be as follows:

The person or public corporation considering itself to be injuriously affected shall petition the court before which such district was organized for an appraisal of damages sufficient to compensate for such injuries. The court shall thereupon direct the board of appraisers of the district to appraise said damages and injuries, and to make a report to the court on or before the time named in the order of the court. Upon the filing of said report of said board of appraisers, the court shall cause notice to be given to the peti-

tioner and to the directors of the district, of a hearing on said report. At the time of such hearing, the court shall consider said report of said appraisers, and may ratify said report or amend it as the court may deem equitable, or may return it to the said board of appraisers and require them to prepare a new report. Upon the filing of an order of the court approving said report of said appraisers, with such modifications as it may have made, said order shall constitute a final adjudication of the matter unless it shall be appealed from within twenty days. Appeal to a jury from said order may be had as provided in the general appropriation statute by the petitioner, by the directors of the district, or by any person or public corporation who has been assessed for the costs of the district. No damages shall be allowed under this section which would not otherwise be allowed in law."

It will be noted that the last sentence of the section emphatically precludes the allowance of damages under the section which would not otherwise be allowed in law. The section ▆▆▆▆▆▆ tion by its express terms therefore prohibits the imposition of any liability upon a conservancy district contrary to the general rule hereinbefore mentioned. As under the general rule defendant conservancy district is not liable for torts of the character charged in the petition, and as the section mentioned prohibits the imposition of any liability contrary to the general rule, the petition does not state a cause of action.

For the reasons mentioned, demurrer to the petition was properly sustained, and the judgment of the lower court will be affirmed at costs of appellant.

CROW, PJ., KLINGER & GUERNSEY, JJ., concur.