mistaken as to the best course to pursue." 10 Ohio Jurisprudence, 1150.

We do not find the equities with the defendants.

It is apparent that they are now met with a situation which must have been a patent possibility, if not a certainty, when they became members of the association and took the deeds containing a caveat, warning them of that which has occurred. They *have* a remedy if enough members of their association agree with their position.

The decree of the Court of Common Pleas of Clermont county is affirmed.

*Decree affirmed.*

Matthews and Hildebrant, JJ., concur.

Cummins et al., Appellants, *v.* Muskingum Watershed Conservancy District, Appellee.

(No. 702—Décided December 16, 1943.)

*Messrs. Rowland & Rowland* and *Messrs. Thornburg & Lewis,* for appellants.

*Messrs. Fisher, Limbach, Smith & Renner,* for appellee.

MONTGOMERY, P. J.   The appeal to this court is on a question of law.   The lower court sustained a general demurrer to plaintiffs' second amended petition and, they not desiring to plead further, the court rendered final judgment.   The particular question in this case has never before been presented to this court, but the members of the court of this judicial district, having had so many phases of this Muskingum Watershed Conservancy District matter presented to them, and being familiar with the provisions of the act establishing the district, have encountered less difficulty than ordinarily would have been anticipated.   This is the fifteenth opinion which the writer has written in attempting to construe the provisions of that act, and in determining the rights of interested parties thereunder, exclusive of reviews of awards made under the provisions of Section 6828-34, General Code.

The second amended petition avers in substance that the plaintiffs were the owners and operators of a farm of about 141 acres of land in Freeport township, Harrison county, Ohio, within the boundaries of the conservancy district, through which farm runs what is known as Big Stillwater creek.   The second amended petition contains a description of the topography of the land, the purposes for which it was used and the nature of its underdraining.   It further avers that prior to May, 1935, Big Stillwater creek flowed through its channel without obstruction of any kind in its natural flow and was easily fordable except in times of flood.   It further avers that title was obtained by the conservancy district, on or about April 1, 1935, to lands lying above plaintiffs' farm and the construction on the land so acquired, known as the Piedmont dam, impounding the waters of such creek and valley.

It is further averred that on February 26, 1936, there was duly filed the conservancy appraisal roll, to which the plaintiffs filed exceptions, and thereafter filed a written notice demanding trial by jury, but that no condemnation proceedings have as yet been had.

As a first cause of action it is averred that during floods of such creek on June 4, July 4, August 4 and September 4, 1935, sterile material, rock, clay, silt, etc., were, as the result of the construction of such dam, thrown upon the land of the plaintiffs which prevented the obtaining of ordinary crops from the farm during the years 1935, 1936, 1937 and 1938.

As a second cause of action it is averred that the flood waters impounded in the dam were permitted to flow out more rapidly than could be taken away, contrary to the operating purposes of the plan, and that as a result thereof plaintiffs' ready means of crossing Big Stillwater creek from one portion of their land to the other during flood time was destroyed, thereby adding to the difficulty of getting from one portion of the land to the other. And it is further averred that, as the result of such excessive flow of water, the tile underdraining on the land is made inadequate.

In setting out the third cause of action, it is averred that the usefulness of plaintiff's underdraining tiling system was completely destroyed by reason of the things theretofore averred in such pleading.

The demurrer was based upon four grounds, but, taking the view which we do, it is unnecessary to discuss any of these grounds, excepting that the second amended petition does not state a cause of action. Further, taking the view which we do, it is necessary in respect to that ground of demurrer, to consider only one reason which we regard as conclusive.

Section 6828-27, General Code, authorizes and directs the procedure by the board of appraisers of such a district, and, among other things, directs them "to ap-

praise the damages sustained and the value of the land and other property necessary to be taken by the district for which settlement has not been made by the board of directors.''

Section 6828-30, General Code, directs the making by the appraisers of a report and includes, among other things, the requirement that there shall be reported ''the amount of damages appraised.''

Provision for a decree on appraisals calling for approval or disapproval is found in Section 6828-33, General Code, which decree is to be had after hearing and determining any exceptions or objections. In the instant case the confirmation was on November 21, 1936.

The leading case in Ohio governing appraisals involved in conservancy district construction, of course, is that of *Miami Conservancy District* v. *Ryan*, 104 Ohio St., 79, 135 N. E., 282. So far as we are now concerned, the importance of that case lies only in the force and dignity which the Supreme Court accords to this conservancy act and to the exclusiveness of its provisions.

By way of precedent and analogy, we direct attention to our interpretation of Section 6828-37, General Code, which is entitled ''Change of Official Plan * * *,'' holding such section to be exclusive as to the matters governed by it. In our opinion in case No. 457 in this court, *United States Quarry Tile Co.* v. *Muskingum Watershed Conservancy District* (unreported), appeal dismissed, 130 Ohio St., 590, 200 N. E., 757, decided December 11, 1935, we said:

''If the assessment roll had been filed, then it would have been necessary to proceed in the manner provided by Section 37. The assessment roll not having been filed, this exclusive procedure is not applicable.''

If a landowner be dissatisfied with the appraisal, he may file exceptions as provided by Section 6828-32, General Code, which states:

"Any property owner may accept the appraisals in his favor of benefits and of damages and of lands to be taken made by the appraisers, or may acquiesce in their failure to appraise damages in his favor, and shall be construed to have done so unless he shall within ten days after the last publication provided for in the preceding section file exceptions to said report or to any appraisal of either benefits or damages or of land to be taken which may be appropriated. * * *"

The second amended petition avers, as heretofore stated, the filing of exceptions which appear to have been filed on March 31, 1936. True, they appear to go only to the question of benefits, but there could have been exceptions as to damages, and, as we view it, under the provisions of Section 6828-32, above quoted, the plaintiffs shall be construed to have waived the appraisement of damages in their favor.

On December 1, 1936, bond and demand for jury trial, as required by Section 6828-34, General Code, appear to have been given, and this demand appears to have been solely for a jury trial to determine the amount of benefits. Again, however, the appeal could have been from a failure to award damages. As we stated in the case of *State, ex rel. Millhone,* v. *Board of Directors of Muskingum Watershed Conservancy District* (unreported), case No. 265, Guernsey county, decided March 19, 1940:

"If an appeal is allowed from an inadequate award, certainly an appeal should lie from the failure to make any award, and that such was the intent of the Legislature would seem evident from the provision of Section 6828-32 which authorizes the filing of exceptions from a 'failure to appraise damages.'"

Plaintiffs in their reply brief take the position that express authority is given for such an action as this, by Section 6828-40, General Code. But a reading of

·this section will show that, so far as damages are concerned, reference is had only to damaging additional property not appraised in the original proceedings. Moreover, this claim is answered in the recent decision of the Supreme Court in the case of *State, ex rel. Gross,* v. *Board of Directors of Miami Conservancy District,* 141 Ohio St., 52, 46 N. E. (2d), 407. If there can be no appraisement by reason of enhanced benefits, it would follow by analogy that there could be no appraisement for enhanced damages. The second paragraph of the syllabus in the *Gross case* is as follows:

"Section 6828-40, General Code (Section 40 of the Conservancy Act), does not permit property, appraised in the original proceeding, to be reappraised from time to time by reason of enhanced benefits resulting from subsequent improvements thereon where there is no change in the official plan."

As the reason for not having availed themselves of the provisions of this conservancy act, heretofore discussed, plaintiffs assert that the damages now claimed by them to have been sustained were not foreseeable at the time of the filing of their original exceptions, or at the time of the approval of the appraisal roll. The first answer to this claim is to be seen in the dates themselves, hereinbefore mentioned. The second amended petition, itself, avers that the floods which caused the depositing of the silt were in the summer of 1935. The exceptions were on March 31, 1936, and the confirmation of the appraisal roll was on November 21, 1936. This in our judgment completely answers the claim as to the first cause of action and is directly applicable to the others, because, obviously, the floods would affect the underdraining tile and the ingress and egress across Big Stillwater creek.

We direct attention to the opinion which we wrote in the case of *Village of Magnolia* v. *Muskingum Watershed Conservancy District* (unreported), No. 674,

decided on April 15, 1940, where we reversed an order of the conservancy court approving an attempted change of the official plan by the directors of the district, which change had been attempted on the ground of changed conditions due to flooding. In the course of this opinion we stated that "the character of the damage was contemplated in 1935, and the extent of it might have been foreseen."

The reason for legislative enactment making the prescribed procedure conclusive and final is to be seen in the chaotic condition which would ensue if every landowner were permitted at any time during the operation of this Piedmont dam, or the other dams in the district, to bring claims for damages against the district, whenever he should conceive that his damages had been enhanced. With the hundreds and hundreds of individuals and corporations affected there would be no termination of claims or litigation. This might not be a conclusive answer, except for legislative enactment, but as we view it, the legislative enactment does cover the situation, and might well have been conceived for that purpose.

We come now finally to a discussion of Section 6828-62, General Code, which plaintiffs contend authorizes them to bring this action. If they are precluded, as we believe, by the foreseeable character of their damages at the time of the hearing of their exceptions, they could not avail themselves of Section 6828-62, in any event. However, because of the reliance placed upon it, such section is entitled to some consideration.

It provides in substance that in case any individual or public corporation considers itself injuriously affected by any act performed by any official or agent of a conservancy district, and in case no other method of relief is offered, it shall have the following remedy: It shall petition the court before which such district was

organized, for an appraisal of damages sufficient to compensate for such injuries and the court shall thereupon direct the board of appraisers of the district to appraise such damages and injuries and make a report to the court on or before a date named. Further procedure is therein provided for.

As we have tried to indicate, we consider that such section can not be applicable, because another and adequate method of relief was afforded under this act. In any event, that section by its terms does not authorize an action at law, but does authorize an application to the conservancy court for an order of appraisal of damages.

We direct attention to our opinion filed on December 23, 1936, in case No. 472, in this court, *Superior Sand Corp.* v. *Muskingum Watershed Conservancy District* (unreported), motion to certify overruled, February 10, 1937. Incidentally there is a parallel in the facts in that and this case. It was averred in that case that the proposed relocation of the Wheeling & Lake Erie Railroad siding would necessitate an additional haul of three quarters of a mile by the plaintiff, thereby increasing the cost of producing and marketing its moulding sand.

However, in that case the prayer of the petition was not one for damages, as in the instant case, but was for an order directing the board of appraisers to make an appraisal of such damages, and that a hearing be accorded the plaintiff, under Section 6828-62, General Code. We said:

"This section does authorize the procedure sought by the appellant 'in case no other method of relief is offered under the act.' Is any other method of relief offered under the act? We think so. And it follows from the language quoted that the remedies are not alternative or optional remedies. This desired remedy is available only in case no other is given."

We then discussed Sections 6828-32 and 6828-34, holding that the relief afforded was adequate, and affirmed the judgment which had been entered on behalf of the district.

Attention is directed to the case of *Hopkins* v. *Upper Scioto Drainage & Conservancy District,* 67 Ohio App., 505, 37 N. E. (2d), 430. The court in that case, in its opinion, took the position taken by the conservancy district's counsel in the instant case, as to another ground for sustaining the demurrer, which ground we have not discussed. We simply direct attention to the second paragraph of the syllabus, which is in the following language:

"Section 6828-62, General Code, providing that 'no damages shall be allowed under this section which would not otherwise be allowed in law,' expressly prohibits the imposition of any liability upon a conservancy district in an action brought against it by an individual for its failure to maintain the waterways or ditches in the district in such a condition as to permit the free and unobstructed flow of water, thereby causing the destruction of such individual's crops."

The judgment of the Common Pleas Court will be affirmed.

*Judgment affirmed.*

SHERICK and DOYLE, JJ., concur.

DOYLE, J., of the Ninth Appellate District sitting by special assignment in the Fifth Appellate District.