The MIFFLIN GROUP et al., Appellants,

v.

MUSKINGUM WATERSHED CONSERVANCY DISTRICT et al., Appellees.

[Cite as *The Mifflin Group v. Muskingum Watershed Conservancy Dist.* (1998), 129 Ohio App.3d 495.]

Court of Appeals of Ohio,
Fifth District, Ashland County.

No. 98COA01251.

Decided Aug. 19, 1998.

**496**

*Eric S. Miller, Brian J. Halligan* and *Robert E. Dezort,* for appellants.

*Miller & Kyler, L.P.A.,* and *James J. Pringle; O. Joseph Murray* and *D. Kim Murray,* for appellees.

GWIN, Judge.

Appellants, the Mifflin Group, Phillip Eckert, Nancy Fanello, and David Braeunig, appeal the decision of the Ashland County Court of Common Pleas that

sustained a motion for summary judgment/motion to dismiss filed by appellees, Muskingum Watershed Conservancy District and Johnny Appleseed Heritage Center, Inc. ("Johnny Appleseed"). The following facts give rise to this appeal.

Appellant Mifflin Group is an unincorporated, informal association formed for the purpose of promoting proper usage of and preventing improper development of the Muskingum watershed. The remaining individual appellants own land adjoining or in the vicinity of land owned by the conservancy district. Appellee Muskingum Watershed Conservancy District is a political subdivision organized and operating under R.C. Title 61. Appellee Johnny Appleseed is an Ohio nonprofit corporation formed for the purpose of constructing facilities for and performing an outdoor drama based upon the life of conservationist and naturalist Johnny Appleseed.

On April 11, 1998, the conservancy district leased forty-five acres of its land to Johnny Appleseed. The lease agreement permits Johnny Appleseed to construct and operate facilities and perform an outdoor drama on the leased premises. Pursuant to the terms of the lease, five acres of the leased premises would be used for the actual operations surrounding the drama, an additional five acres would be used for parking, and the remaining thirty-five acres would be kept as a buffer zone for noise and sight-line protection.

On October 23, 1997, appellants filed their complaint seeking declaratory judgment and a preliminary and permanent injunction, in the Ashland County Court of Common Pleas. On November 19, 1997, the conservancy district filed its motion to dismiss and motion for summary judgment. On December 18, 1997, appellant Mifflin filed its motion for summary judgment. On January 14, 1998, the trial court issued its decision denying appellants' motion for summary judgment and granting appellees' motion to dismiss.

Appellants assign five errors to the trial court:

"I. The court below erred in holding that it lacked jurisdiction to hear an action for declaratory judgment against a conservancy district.

"II. The court below erred in holding that citizens may not seek injunctive or declaratory relief against a conservancy district which acts illegally.

"III. The court below erred in making findings of fact which were not supported by evidence permitted under Civil Rule 56(C).

"IV. In a dispute which centers upon the uses of land authorized by a lease, the court below erred in considering the lessee's intended use rather than construing the lease as a matter of law.

"V. The court below erred in failing to prohibit a conservancy district from operating a theatrical entertainment complex on its property within its district."

I

■ In their first assignment of error, appellants contend that the trial court erred when it determined that it lacked jurisdiction to hear this matter. We agree.

Appellants argue that the Ashland County Court of Common Pleas has jurisdiction to hear this matter pursuant to Section 4(B), Article IV of the Ohio Constitution, which provides:

"(B) The courts of common pleas and divisions thereof shall have such original jurisdiction over all justiciable matters and such powers of review of proceedings of administrative officers and agencies as may be provided by law."

We agree with the trial court's analysis that R.C. 6101.07 specifically addresses the organization of the conservancy court as well as its powers and jurisdiction. This statute provides:

"Upon the determination of a judge of the court of common pleas that a sufficient petition has been filed in such court in accordance with section 6101.05 of the Revised Code, he shall give notice thereof to the court of common pleas of each county included in whole or in part within the proposed conservancy district. *The judge of the court of common pleas of each such county,* or in the case of any county having more than one such judge, one judge assigned by order of the judges of the court of common pleas thereof, *shall sit as the court of common pleas of the county wherein the petition was filed to exercise the jurisdiction conferred by sections 6101.01 to 6101.84, inclusive, of the Revised Code.* * * * The court of any county, presided over by the judges provided for in this section, may establish conservancy districts when the conditions stated in section 6101.05 of the Revised Code are found to exist. Except as otherwise provided by sections 6101.08 to 6101.84, inclusive, of the Revised Code, such court has, for all purposes of section 6101.01 to 6101.84, inclusive, of the Revised Code, *original and exclusive jurisdiction* coextensive with the boundaries and limits of the district and of the lands and other property included in, or proposed to be included in, such district or affected by such district, without regard to the usual limits of its jurisdiction." (Emphasis added.)

Further, pursuant to R.C. 6101.74, anyone injured by a conservancy district may file a petition for an appraisal of damages with the conservancy court. This statute provides:

"If any person or public corporation, within or without any conservancy district, considers itself injuriously affected in any manner by any act performed by any official or agent of such district, or by the execution, maintenance, or operation of the official plan, and if no other method of relief is offered under

sections 6101.01 to 6101.84, inclusive, of the Revised Code, the remedy shall be as follows:

"The person or public corporation considering itself to be injuriously affected shall petition the court before which said district was organized for an appraisal of damages sufficient to compensate for such injuries."

 We are required to give statutory language its plain and ordinary meaning. *Coventry Towers, Inc. v. Strongsville* (1985), 18 Ohio St.3d 120, 122, 18 OBR 151, 152–153, 480 N.E.2d 412, 413–414. Based upon the plain and ordinary meaning of R.C. 6101.07 and R.C. 6101.74, the jurisdiction over claims of persons allegedly damaged by an act of a conservancy district should be determined by the conservancy court. However, appellants seek an injunction to prevent injury, not to recover from damages already sustained. Appellants argue that conservancy courts are similar to the Court of Claims because both are statutorily created special-purpose courts. Courts of common pleas have authority to enjoin state actions but may not hear claims for monetary judgments. *Friedman v. Johnson* (1985), 18 Ohio St.3d 85, 18 OBR 122, 480 N.E.2d 82.

 Statutory courts have only the powers conferred on them by the legislature. *State ex rel. Johnson v. Perry Cty. Court* (1986), 25 Ohio St.3d 53, 25 OBR 77, 495 N.E.2d 16. We find that any powers not conferred upon the statutory court remain with the constitutional court, in order to provide citizens with full relief for wrongs done them. Accordingly, we find that the court of common pleas has jurisdiction to hear actions to enjoin potentially harmful decisions of a conservancy district.

The first assignment of error is sustained.

## II

 The trial court's opinion noted that R.C. 6101.74 does not provide for injunctive relief, and in this the court is correct. A conservancy court cannot grant injunctive relief, but is expressly limited to relief for damages pursuant to the statute. Based upon our reasoning in Part I, however, we find that the court of common pleas has jurisdiction over an action for injunctive relief.

The second assignment of error is sustained.

## III

In their third assignment of error, appellants argue that the trial court made findings of fact from unsworn documents or statements, in violation of Civ.R. 56. The documents to which appellants object are certified copies of the conservancy district's annual report and the conditional use permit, which appellee argues are

self-authenticating documents under Evid.R. 902(4). We hold that the trial court could consider the documents as properly before it.

Further, appellants asserted both in the trial court and in their local appellate rule statement that there were no genuine issues of material fact, and the court erred on the undisputed facts.

We hold that the trial court did not err in making its findings of undisputed fact, and accordingly, the third assignment of error is overruled.

## IV

Next, appellants argue that the trial court should not have considered the lessee's intended use of the premises but rather should have construed the lease as a matter of law. The lease in question specifies the nonprofit status of Johnny Appleseed Heritage Center, Inc., and the purposes for which Johnny Appleseed was organized. The lease specifies the purposes for which the premises may be operated.

The limitations contained in the lease are relevant to the trial court's determination whether the conservancy district had the power and authority to enter into the lease with the Appleseed Foundation, because the conservancy district has authority to promote and facilitate recreational facilities. We conclude that the trial court did not err in determining whether the lease furthered the aims of the conservation district.

The fourth assignment of error is overruled.

## V

The trial court found that the Appleseed lease for the proposed outdoor drama facility constitutes a recreational activity within the conservancy district's stewardship of the property. R.C. 6101.25 permits a conservancy district to construct parks, parkways, forest preserves, bathing beaches, playgrounds, and other recreational facilities. Appellants argue that an outdoor amphitheater is not recreational as the term is defined in the statute.

The trial court found that the intended uses of the leased premises promote recreation and conservation. The court found that the outdoor drama focuses on Johnny Appleseed as a unique national hero, a humanitarian, philanthropist, and naturalist, through family-oriented cultural, educational, and historical venues.

We hold that the trial court did not err in finding the outdoor amphitheater and related facilities to further the aims of the conservancy district and to be recreational in the sense anticipated by R.C. 6101.25.

The fifth assignment of error is overruled.

For the foregoing reasons, the judgment of the Court of Common Pleas of Ashland County, Ohio, is affirmed in part and reversed in part.

*Judgment affirmed in part and reversed in part.*

FARMER, P.J., and JOHN W. WISE, J., concur.