SHARON ENTERPRISES, INC. et al., Appellees,

v.

KENWORTH OF CINCINNATI, INC.; Millcreek
Valley Conservancy District, Appellant.

[Cite as *Sharon Ent., Inc. v. Kenworth of Cincinnati, Inc.* (1998), 131 Ohio App.3d 746.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–971109.

Decided Dec. 31, 1998.

*Hans M. Zimmer,* for appellees.

*Thomas J. Kirkwood* and *Thomas W. Jacobs,* for appellant.

*Per Curiam.*

Raising two assignments of error, defendant-appellant, Millcreek Valley Conservancy District ("MVCD"), appeals from the denial of its Civ.R. 12(B)(6) motion to dismiss the complaint in which plaintiffs-appellees, Sharon Enterprises, Inc., Ada Rabkin, and Arnold M. Rabkin, sought money damages.[1] MVCD also appeals from the granting of the appellees' motion for an appraisal of damages pursuant to R.C. 6101.74. Because the appellees' amended complaint contains factual allegations sufficient to remove MVCD from the immunity afforded in R.C. Chapter 2744 for governmental or proprietary functions, the trial court properly denied MVCD's motion to dismiss. Only the conservancy court, however, has jurisdiction over claims of damage by an act of a conservancy district and the trial court did not have jurisdiction to order an appraisal.

In its first assignment of error, MVCD claims the trial court erred in denying its motion to dismiss, made pursuant to Civ.R. 12(B)(6). The appellees brought suit against MVCD and Kenworth of Cincinnati, Inc.,[2] alleging that MVCD's

---

1. We have *sua sponte* removed this cause from the accelerated calendar.

2. Kenworth is not a party to this appeal.

replacement of a properly functioning levee, as part of the Millcreek Flood Protection Project, resulted in flooding to their property. Their claims sounded in negligence, breach of contract, and trespass.

 Conservancy districts are public corporations created by the legislature to prevent flooding, to regulate the flow of streams, to arrest erosion and to provide other water-conservation and flood-control services. R.C. 6101.04. The legislature designated conservancy districts as political subdivisions. R.C. 6101.03(F); *Muskingum Watershed Conservancy Dist. v. Walton* (1970), 21 Ohio St.2d 240, 240, 257 N.E.2d 392, 393.

In its motion to dismiss the complaint made pursuant to Civ.R. 12(B)(6), MVCD argued that, as a political subdivision, it had sovereign immunity from liability. The trial court denied the motion and included a Civ.R. 54(B) certification in its order.

 When a court rules on a motion to dismiss for failure to state a claim, the complaint's factual allegations must be taken as true and all reasonable inferences must be drawn in favor of the nonmoving party. *Vail v. Plain Dealer Publishing Co.* (1995), 72 Ohio St.3d 279, 649 N.E.2d 182; *Mitchell v. Lawson Milk Co.* (1988), 40 Ohio St.3d 190, 192, 532 N.E.2d 753, 756. A motion to dismiss can be granted only where the party opposing the motion, here, the appellees, is unable to prove any set of facts that would entitle it to the relief requested. *Kenty v. Transamerica Premium Ins. Co.* (1995), 72 Ohio St.3d 415, 418, 650 N.E.2d 863, 865–866; *York v. Ohio State Hwy. Patrol* (1991), 60 Ohio St.3d 143, 573 N.E.2d 1063.

Pursuant to R.C. 6101.74, entitled "Remedy for injury; appeal," anyone injured by a conservancy district may file a petition for an appraisal of damages in the proper court. This statute provides:

"If any person or public corporation, within or without any conservancy district, considers itself injuriously affected in any manner by any act performed by any official or agent of such district, or by the execution, maintenance, or operation of the official plan, and if no other method of relief is offered under sections 6101.01 to 6101.84, inclusive, of the Revised Code, the remedy shall be as follows:

"The person or public corporation considering itself to be injuriously affected shall petition the court before which said district was organized for an appraisal of damages sufficient to compensate for such injuries. The court shall thereupon direct the board of appraisers of the conservancy district to appraise said damages and injuries, and to make a report to the court * * *. No damages shall be allowed under this section which would not otherwise be allowed in law."

■ As R.C. 6101.74 specifically provides a remedy for persons "injuriously affected" by a conservancy district, it satisfies the requirement of R.C. 2744.02(B)(5), whereby sovereign immunity may be overcome "when liability is expressly imposed upon the political subdivision by a section of the Revised Code." MVCD's reliance upon the decision of the Hardin County Court of Appeals in *Hopkins v. Upper Scioto Drainage & Conservancy Dist.* (1940), 67 Ohio App. 505, 21 O.O. 458, 37 N.E.2d 430, which appears to prohibit the imposition of any liability upon a conservancy district, is misplaced. In *Hopkins,* the court held that because there existed no tort "of the character charged in the petition," damages "would not otherwise be allowed in law," for the claim asserted and thus sustained the demurrer to the petition. *Id.* at 508, 21 O.O. at 458–459, 37 N.E.2d at 431–432.

Here, as in *Muskingum Watershed Conservancy Dist. v. Kaufman* (App.1940), 36 Ohio Law Abs. 480, 44 N.E.2d 723, the factual allegations in the amended complaint allege claims that would "otherwise be allowed in law," and the proper court may provide damages as relief. See *The Mifflin Group v. Muskingum Watershed Conservancy Dist.* (1998), 129 Ohio App.3d 495, 718 N.E.2d 466. MVCD's motion to dismiss was properly denied, and the first assignment of error is overruled.

■ The appellees' motion for an appraisal of damages pursuant to R.C. 6101.74 was granted by a court in the general division of the Hamilton County Court of Common Pleas. The second paragraph of R.C. 6101.74 states that any person seeking relief "shall petition the court before which said district was organized* * *." Pursuant to R.C. 6101.07, MVCD was organized and operates under the authority of the conservancy court, composed of a designated judge or judges of the court of common pleas. We agree, therefore, with the Ashland County Court of Appeals that, based upon the plain and ordinary meaning of R.C. 6101.07 and 6101.74, authority to order appraisals and to adjudicate claims for damages against a conservancy district lies in the conservancy court. *The Mifflin Group v. Muskingum Watershed Conservancy Dist.* (1998), 129 Ohio App.3d 495, 499, 718 N.E.2d 466, 469.

■ We also agree that any powers not exclusively conferred upon the conservancy court remain with the general division "in order to provide citizens with full relief for wrongs done them." *Id.* Therefore, the court of common pleas had jurisdiction to adjudicate MVCD's motion to dismiss, but none to authorize an appraisal.

Accordingly, the November 24, 1997 judgment of the trial court denying MVCD's motion to dismiss is affirmed. That portion of the same judgment granting the appellees' motion for an appraisal of damages is reversed, and this

cause is remanded with instructions to transfer the matter to the conservancy court for further proceedings on the issue of appraisal and damages.

*Judgment affirmed in part,*
*reversed in part*
*and cause remanded.*

HILDEBRANDT, P.J., GORMAN and MARIANNA BROWN BETTMAN, JJ., concur.