PENNSYLVANIA RD. CO., APPELLANT, *v.* PORTERFIELD, TAX COMMR., APPELLEE. (No. 69-704).

STATE, EX REL. PENN CENTRAL TRANSPORTATION CO., *v.* PORTERFIELD, TAX COMMR. (No. 69-698).

STATE, EX REL. PENN CENTRAL TRANSPORTATION CO., *v.* BOARD OF TAX APPEALS. (No. 69-699).

[Cite as Penna. Rd. Co. v. Porterfield (1970), 22 Ohio St. 2d 94.]

(Nos. 69-698, 69-699 and 69-704—Decided April 22, 1970.)

*Messrs. Squire, Sanders & Dempsey, Mr. John Lansdale, Mr. William H. Lutz, Jr., and Mr. William F. Lahner, Jr.,* for Pennsylvania Railroad Company and Penn Central Transportation Company.

*Mr. Paul W. Brown,* attorney general, *Mr. Shelby V. Hutchins* and *Mr. W. Robinson Watters,* for the Tax Commissioner and Board of Tax Appeals.

*Per Curiam.** The railroad contends that, where the Supreme Court reverses a decision of the Board of Tax Appeals rendered on an appeal from a final determination by the Tax Commissioner as to the valuation for a particular year of a railroad for property tax purposes, and remands the cause to the Board of Tax Appeals for further proceedings, the Board of Tax Appeals cannot thereafter remand the cause to the Tax Commissioner for further consideration but must determine the valuation of the railroad for tax purposes for the particular year involved.

We are of the opinion that the applicable statutes fully support that contention.

The appeal to the Board of Tax Appeals from the March 6, 1967 determination of value by the Tax Commissioner was taken pursuant to Section 5717.02, Revised Code, which reads, so far as pertinent:

"Appeals from final determinations by the Tax Commissioner of any * * * valuations * * * or orders made by him may be taken to the Board of Tax Appeals by the taxpayer * * *."

Section 5717.03, Revised Code, provides, so far as pertinent:

_____

*This opinion was prepared by TAFT, C. J., and concurred in by all members of the Court, but CHIEF JUSTICE TAFT'S death intervened before the decision was announced.

"The decisions of the board may affirm, reverse, vacate, or modify the tax assessments, valuations, determinations, findings, computations, or orders complained of in the appeals or applications determined by it, and its decision shall become final and conclusive for the current year unless reversed, vacated, or modified as provided in Section 5717.04 of the Revised Code. When a decision of the board becomes final the commissioner and all officers to whom such decision has been certified shall make the changes in their tax lists or other records which the decision requires."

Section 5717.04, Revised Code, provides for an appeal from such a decision of the Board of Tax Appeals to this court and states in part that "if the court decides that such decision of the board is unreasonable or unlawful, the court shall reverse and vacate the decision or modify it and enter final judgment in accordance with such modification."

As hereinbefore stated, this court reversed the April 1, 1968 decision of the Board of Tax Appeals determining the value of the railroad's property for the tax year 1966 and remanded the cause to that board for further proceedings.

After that remand, the cause was again before the Board of Tax Appeals as an appeal pursuant to Sections 5717.02 and 5717.03, Revised Code, from a final determination by the Tax Commissioner of that value.

Our statutes require that, on such an appeal, the Board of Tax Appeals must determine that value and cannot remand the cause to the Tax Commissioner for a redetermination of that value by the Commissioner.

Section 5717.03, Revised Code, specifies that the decision of the Board of Tax Appeals "shall become final and conclusive for the current year unless reversed, vacated, or modified" as provided in Section 5717.04, Revised Code, which is the statute providing for an appeal from a decision of the Board of Tax Appeals. A decision of the Board of Tax Appeals, such as the October 9, 1969 decision, that is complained about in the instant case which

remanded the cause to the Tax Commissioner, could not possibly have such an effect.

In our opinion, our recent decision in *Lincoln Properties, Inc.,* v. *Goldslager* (1969), 18 Ohio St. 2d 154, 248 N. E. 2d 57, and the syllabus of that case fully support our conclusion that the Board of Tax Appeals erred in its decision of October 9, 1968 in remanding the cause to the Tax Commissioner for further consideration.

The Tax Commissioner is apparently opposing the contention of the railroad on this appeal because of a fear that he cannot present to the Board of Tax Appeals any evidence in addition to that previously presented to that board. However, the Tax Commissioner is a party to the proceedings before the Board of Tax Appeals and Section 5717.02, Revised Code, provides:

" * * * The board may order the appeal to be heard upon the record and the evidence certified to it by the commissioner, but upon the application of any interested party the board shall order the hearing of additional evidence, and it may make such investigation concerning the appeal as it deems proper."

Thus, if the reasons, which this court advanced for its reversal of the April 1, 1968 decision of the Board of Tax Appeals, indicate a necessity for "additional evidence," the Tax Commissioner can offer such evidence.

For the foregoing reasons, in Case No. 69-704, the October 9, 1969 decision of the Board of Tax Appeals is reversed and the cause is remanded to the Board of Tax Appeals.

Our judgment with regard to the appeal from that decision renders moot the issues raised by the prohibition and mandamus actions. Therefore, the petitions in such cases are dismissed.

In case No. 69-704, *decision reversed.*
In cases Nos. 69-698 and 69-699, *petitions dismissed.*

O'NEILL, C. J., LEACH, SCHNEIDER, HERBERT, DUNCAN and CORRIGAN, JJ., concur.

LEACH, J., of the Tenth Appellate District, sitting for MATTHIAS, J.