FISCHER ET AL., APPELLEES, *v.* PORTERFIELD, TAX COMMR., APPELLANT. (Two cases.)

(Nos. 69-427 and 69-428—Decided June 30, 1971.)

*Messrs. Barber, Kemple & Allen* and *Mr. George C. Allen*, for appellees.

*Messrs. Paul W. Brown* and *William J. Brown*, attorneys general, and *Mr. W. Robinson Watters*, for appellant.

*Per Curiam.* Although neither required nor contemplated by our rules, appellant states the issue as: "What is the proper basis and what is the proper value for Ohio intangible tax purposes of these taxpayers' stock interests in Fischer Special Manufacturing Company on January 1, 1966 (tax year 1966) and January 1, 1967 (tax year 1967)?"

Necessarily, this would appear to be a concession that the question involved before the Board of Tax Appeals was one of fact. *Board of Revision* v. *Fodor* (1968), 15 Ohio St. 2d 52. See, also, *Citizens Financial Corp.* v. *Porterfield* (1971), 25 Ohio St. 2d 53.

Yet, we are not asked to review or weigh the evidence. The record consists of the transcript of the proceedings before the Tax Commissioner (including the corporate records, tax returns and other similar documents) and the testimony of three witnesses on behalf of the taxpayers, one of whom qualified as an expert competent to have appraised the corporation and to have arrived at a value of the shares on the tax listing days in question, to which he then

directed his testimony. No witnesses were called nor other evidence offered by appellant.

We are, however, asked to reject the decision of the board finding the true value of the shares in question, as a matter of law, for the reason that such finding adopted the expert witness' appraisal, which, in turn, is claimed to be based on an "illogical . . . method never before used or authorized by the state of Ohio." Appellant offers no authority to support, nor amplification of, this statement.

The nub of appellant's complaint, which is not expressed in a proposition of law, is twofold: (1) The witness' appraisal is based largely upon an examination of the corporate books and the application thereto of a formula calculation which combines that approved in *Bader* v. *United States* (1959), 172 F. Supp. 833 (D. C., Ill.) and one similar to that set forth in a rule of the Tax Commissioner, TX-41-10 (replacing old Rule 313, relating to unproductive investments); and (2) the witness' calculated net earnings of the corporation, after subtracting therefrom a hypothetical federal income tax of approximately 50 per cent, disregarded the fact that the instant corporation pays no federal income tax.

To accept the Tax Commissioner's contention is to ignore the fact that he himself has employed a similar formula for succession tax purposes. *In re Estate of Kennedy* (1962), 173 Ohio St. 379. It is also to ignore the witness' unrebutted testimony that such methods were used by him or his associates in the investment business in appraising or evaluating over 60 business enterprises within the year preceding the hearing and that the use of a hypothetical federal income tax is indicated because the conditions for Subchapter S treatment are so restrictive as to limit the number of possible purchasers for the corporation who could qualify to continue it in its present form.

Thus, potential purchasers are interested in the probable after-tax earnings of the business, if operated as a general corporation, or the hypothetical after-tax earnings if

operated as a partnership or sole proprietorship, in which event, a rate of individual income tax at least equal to the corporate rate would apply, even assuming that the individuals themselves had no other taxable income, because of the demonstrated earning power of the business.

However, appellant's contention ignores the fact that the commentators have come to no settled conclusion as to an acceptable method of evaluating a Subchapter S corporation or a formal partnership for tax purposes. See Roger K. Powell, Valuation of a Business Interest, 8th Annual Federal Tax Institute, Ohio Legal Center Institute (1966), pages 10.09 and 10.10; Raymond Drymalski, Jr., Valuation of Stock of a Subchapter S Corporation: A New Form of Business Organization, 56 Ill. Bar Jour. (April 1968), pages 687 and 688. Compare J. K. Lasser's Estate Tax Techniques, Matthew Bender & Co., Inc., Vol. 3, Section 7 (Problems in Managing the Estate), at pages 2110.51 and 2110.52; and John J. Conway's Valuation of Stock in a Close Corporation for Estate Tax and Gift Tax Purposes, 14 Western Reserve L. Rev. (Vol. 2, 1963), 188, 191.

Our examination of the record discloses some features which might have caused us to have arrived at different values if we were the triers of the facts. For example, the witness' method of computing book value and his emphasis upon dividend-paying capacity appear more appropriate to a corporation not amenable to Subchapter S. On the other hand, he apparently did not account for the fact that the question here involves the value of the shareholdings of each individual taxpayer, not the value of the entire enterprise.

Moreover, the witness was not cross-examined as to whether the corporations which he used as comparatives to test his appraisal were Subchapter S corporations or whether any of the appraisals which were made by himself or his firm were confirmed by subsequent sales or investments.

In his formula calculations previously referred to, the witness capitalized the after-tax earnings of the corporation

by multiplying those earnings by ten. Since he applied a hypothetical federal income tax of 50 per cent, that capitalization rate was equivalent to the before federal tax earnings multiplied by five. Appellant offered no evidence to show that this rate of capitalization was unreasonably low.

These aspects, among others, although not alluded to by appellant, may have persuaded an appellate court having the duty to weigh the evidence to reverse upon that ground. But we cannot, as a matter of law, say that the evidence does not support the finding of the Board of Tax Appeals. Therefore, we cannot find that its decision is unreasonable or unlawful, except to the extent that it remanded the case to the Tax Commissioner, contrary to *Pennsylvania Rd. Co.* v. *Porterfield* (1970), 22 Ohio St. 2d 94.

Therefore, we reverse and remand this cause to the Board of Tax Appeals, either to assess the tax due or to annul the assessments, thus affording the Tax Commissioner the opportunity to issue new certificates of assessment consistent with the findings of the board.

*Judgment accordingly.*

O'NEILL, C. J., SCHNEIDER, HERBERT, DUNCAN and CORRIGAN, JJ., concur.

LEACH and STERN, JJ., not participating.