THE PENNSYLVANIA RD. CO. ET AL., APPELLEES, *v.* THOMAS, AUD., ET AL., APPELLANTS.

(Nos. 70-494 to 70-496, 70-498, 70-500 to 70-514, 70-520 to 70-531, 70-542 and 70-572—Decided March 17, 1971.)

*Messrs. Squire, Sanders & Dempsey, Mr. John Lansdale, Jr., Mr. William H. Lutz, Jr., Mr. Henry D. Light* and *Mr. William F. Lahner, Jr.,* for appellees.

*Mr. John T. Corrigan,* prosecuting attorney, *Mr. A. M. Braun, Mr. Thomas P. Cyrus* and *Mr. David D. Dowd, Jr.,* for appellants.

SCHNEIDER, J. This group of cases was argued with *Pennsylvania Rd. Co.* v. *Porterfield* (1971), 25 Ohio St.

2d 223 (announced this day). These appeals were initiated by the separate auditors of 33 Ohio counties in which the Pennsylvania Railroad Company operates rail services and, therefore, owns taxable property.

These auditors contend that this court lacked jurisdiction "to issue its decision of December 31, 1968, in case No. 68-276, 16 Ohio St. 2d 136, because the Auditor of Cuyahoga County, Ohio [one of appellants], was not made an appellee by Pennsylvania Railroad Company in its appeal of the order of the Board of Tax Appeals dated April 1, 1968, as provided 'or in Section 5717.04 of the Revised Code, and therefore, the entry of the Board of Tax Appeals dated July 20, 1970, was null and void for lack of jurisdiction of the Supreme Court of Ohio to remand the cause to the Board of Tax Appeals for further proceedings in accordance with the decision of the Supreme Court."

The sole basis of this contention lies in the requested construction of the word "or" in paragraph six of R. C. 5717.04, which reads as follows:

"In all such appeals the commissioner *or* all persons to whom the decision of the board appealed from is required by such section to be certified, other than the appellant, shall be made appellees. Unless waived, notice of the appeal shall be served upon all appellees by registered mail. The prosecuting attorney shall represent the county auditor in any such appeal in which the auditor is a party." (Emphasis supplied.)

The county auditors ask that the word "or" be construed as "and" in this instance, making mandatory their being included as party appellees in subsequent proceedings.

It should be noted that "the decision of the Board of Tax Appeals of April 1, 1968, was certified to the auditors of the various counties affected by the decision as required by R. C. 5717.03,'"* but that there was no apparent desire on the part of the several auditors to participate as

*Section 5717.03 in pertinent part, reads:

"In the case of an appeal from a review, redetermination, or correction of a tax assessment, valuation, determination, finding, com-

parties in furthering the appeal until after the July 20, 1970, hearing of the board, at which time the valuation of taxable property was reduced by $9,000,000 below the original claim of the railroad. The auditors are assuredly proper parties, but we are unable to stretch the intent of R. C. 5717.04 so far as to make them necessary parties. R. C. 1.02(H) provides that such interpretation is proper only "if the sense requires it."

The auditors rely on two cases, both of which are distinguishable from the present situation. In *Toledo* v. *Bernoir* (1969), 18 Ohio St. 2d 94, R. C. 4509.12(A) financial responsibility wording which states that ". . . security . . . sufficient to satisfy any judgments for damages . . . may be recovered against each driver or owner . . ." was construed to include both driver *and* owner. There, the collective intent was apparent from the sentence itself, and from other companion paragraphs.

In *Richter Transfer Co.* v. *Bowers* (1962), 174 Ohio St. 113, also an appeal from the Board of Tax Appeals, this court dismissed an appeal where there was ". . . not a sufficient compliance with the statutory requirement . . . ." In the present case, it is the view of this court that there was no failure to comply with R. C. 5717.04.

For the reasons stated, and for the further reason that the auditors have a continuing opportunity to become proper parties in the companion case (*Pennsylvania Rd. Co.* v. *Porterfield* [1971], 25 Ohio St. 2d 223), which is again being remanded to the Board of Tax Appeals for further proceedings, these appeals are dismissed.

*Appeals dismissed.*

O'NEILL, C. J., HERBERT, DUNCAN, CORRIGAN, STERN and LEACH, JJ., concur.

---

putation, or order of the Tax Commission, the decision of the Board of Tax Appeals and the date of the entry thereof upon its journal shall be certified by it by registered mail to all persons who were parties to the appeal before it . . . and the county auditors of the counties to the undivided general tax funds of which the revenues affected by such decision would primarily accrue."