COVENTRY TOWERS, INC., APPELLANT, *v.* CITY OF STRONGSVILLE ET AL., APPELLEES.

[Cite as Coventry Towers, Inc. *v.* Strongsville
(1985), 18 Ohio St. 3d 120.]

(No. 84-1106—Decided July 3, 1985.)

*Edwin J. Ketchel,* for appellant.

*Kolick & Kondzer* and *Daniel J. Kolick,* for appellees.

*Per Curiam.* Appellant's first and third propositions of law question the Board of Tax Appeals' admission and use of the revised appraisal and valuation analysis prepared by Canitia. First, appellant contends that R.C. 5715.19(G) precludes the admission of such evidence. R.C. 5715.19(G) provides:

"A complainant shall provide to the board of revision all information or evidence within his knowledge or possession that affects the real property that is the subject of his complaint. A complainant who fails to provide such information or evidence is precluded from introducing it on appeal to the board of tax appeals or the court of common pleas, except that the board of tax appeals or court may admit and consider the evidence if the complainant shows good cause for his failure to provide the information or evidence to the board of revision."

This provision requires a complainant before the board of revision to submit all pertinent information affecting the property in question within his knowledge or possession at that time. Appellant has presented no evidence that appellees had within their knowledge or possession the information contained in the revised valuation analysis when they were before

the board of revision. In fact, Canitia testified that much of the information presented in his revised valuation analysis was obtained as a result of the hearing before the board of revision. In sum, there is no evidence to substantiate an intentional withholding of information by appellees. Accordingly, appellant's first proposition of law is without merit.

Next, appellant contends that the Board of Tax Appeals is precluded from rehearing information which has previously been presented before the board of revision. Here, appellant focuses upon that portion of R.C. 5717.01 which empowers the Board of Tax Appeals to "order the hearing of additional evidence." The word "additional" is argued to mean over and above what was already in the record. Thus, R.C. 5717.01 is said to limit the type of evidence which the Board of Tax Appeals may hear.

Appellant's proposition of law is without merit. When interpreting legislation, courts must give the words used in statutes their plain and ordinary meaning, unless legislative intent indicates otherwise. *Ohio Assn. of Pub. School Emp.* v. *Twin Valley Local School Dist. Bd. of Edn.* (1983), 6 Ohio St. 3d 178, 181. The term "additional" embraces the idea of joining or uniting one thing to another, so as thereby to form one aggregate. Black's Law Dictionary (5 Ed. 1979) 35. This definition does not support the proposed restrictive construction of R.C. 5717.01.

Furthermore, R.C. 5717.01 gives the Board of Tax Appeals three options when hearing an appeal: the board may confine itself to the record and the evidence certified to it by the board of revision, hear additional evidence from the parties, or may make such other investigation of the property as is deemed proper. Clearly, this provision authorizes the Board of Tax Appeals to hear the disputed revised valuation analysis in order to fully perform its statutory duty of establishing the taxable value of property.

Appellant's final proposition of law questions the Board of Tax Appeals' authority to increase the valuation placed upon a parcel of land by the board of revision. Appellant maintains that the Board of Tax Appeals may not substitute its judgment, absent an error or injustice, for that of the board of revision.

In *Pennsylvania Rd. Co.* v. *Porterfield* (1971), 25 Ohio St. 2d 223, this court concluded at 225 that R. C. 5717.02 contemplates that the Board of Tax Appeals may consider the matter *de novo,* and R.C. 5717.03 authorizes the board to make its own findings. The *Porterfield* decision acknowledges the authority of the Board of Tax Appeals to exercise independent judgment in determining the true taxable value of the subject matter in question. See, also, *Clark* v. *Glander* (1949), 151 Ohio St. 229 [39 O.O. 56], paragraph one of the syllabus; *Nestle* v. *Porterfield* (1971), 28 Ohio St. 2d 190, 193.

When appellees appealed the board of revision's valuations, the taxable value of the property in question became a proper issue before the Board of Tax Appeals. Hence, the Board of Tax Appeals was fully

justified, pursuant to R.C. 5717.03, in arriving at its own independent valuation.

For the reasons set forth in this opinion, we affirm the decision of the Board of Tax Appeals.

*Decision affirmed.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES, C. BROWN, DOUGLAS and JONES, JJ., concur.

JONES, J., of the Twelfth Appellate District, sitting for WRIGHT, J.