GARFIELD MALL ASSOCIATES, APPELLANT, *v.* CUYAHOGA COUNTY BOARD OF REVISION ET AL.; GARFIELD HEIGHTS BOARD OF EDUCATION, APPELLEE.

[Cite as *Garfield Mall Assoc. v. Cuyahoga Cty.
Bd. of Revision* (1993), 66 Ohio St.3d 247.]

(No. 92–951—Submitted December 1, 1992—Decided May 19, 1993.)

---

*Fred Siegal Co., L.P.A., Fred Siegal, Todd W. Sleggs* and *Stephen R. Gill,* for appellant.

*Arter & Hadden* and *Donald G. Paynter,* for appellee, Garfield Heights Board of Education.

*Per Curiam.* The determinative issue herein is the true value of Garfield Mall. Appellant essentially questions the decision of the BTA to adopt the valuation given by appellee's appraiser. Appellant's expert witness did not appraise the subject real estate in arriving at true value, but merely reviewed documents dealing with Friedman's acquisition of the partnership interest in Garfield Mall Associates. On the other hand, appellee's appraiser inspected the property and utilized the market and the income approaches in determining true value. Based upon the testimony and evidence presented to the BTA, we affirm its decision and find that the true value of the subject property is $6,500,000.

As an ancillary issue herein, appellee, at the BTA hearing, objected to the testimony of Martin A. Fishman, legal counsel for appellant's property manager, regarding the acquisition of the partnership interest by Friedman, based upon R.C. 5715.19(G). That statute provides:

"A complainant shall provide to the board of revision all information or evidence within his knowledge or possession that affects the real property that is the subject of his complaint. A complainant who fails to provide such information or evidence is precluded from introducing it on appeal to the board of tax appeals or the court of common pleas, except that the board of tax appeals or court may admit and consider the evidence if the complainant shows good cause for his failure to provide the information or evidence to the board of revision."

Appellant contends that the holding in *Coventry Towers, Inc. v. Strongsville* (1985), 18 Ohio St.3d 120, 18 OBR 151, 480 N.E.2d 412, precluded the introduction of information or evidence within a witness' knowledge or possession only when the information or evidence was intentionally withheld from presentation before the board of revision. Appellant claims the subject information was not intentionally withheld, but rather was not introduced at the board of revision hearing because of a miscommunication between the real estate department and the legal department of appellant's property manager. Appellee counters that a failure of internal communication is not good cause for failing to present information or evidence at a board of revision hearing.

The BTA refused to admit the testimony of appellant's witness and found "[k]nowledge of the August 1, 1987 sale" was in the appellant's possession at the board of revision hearing. The BTA found further that "lack of internal communication * * * [was not] 'good cause' " for failure to provide information or evidence to the board of revision. We agree.

The decision of the BTA is neither unreasonable nor unlawful and it is affirmed.

*Decision affirmed.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.