CASA 94, L.P., APPELLEE, *v.* FRANKLIN COUNTY
BOARD OF REVISION ET AL., APPELLANTS.

[Cite as *CASA 94, L.P. v. Franklin Cty. Bd.
of Revision* (2000), 89 Ohio St.3d 622.]

(No. 99–1312—Submitted July 6, 2000—Decided September 13, 2000.)

*Wayne E. Petkovic,* for appellee.

*Ronald J. O'Brien,* Franklin County Prosecuting Attorney, *Matthew H. Chafin* and *Paul M. Stickel,* Assistant Prosecuting Attorneys, for appellants Franklin County Board of Revision and Franklin County Auditor.

*Teaford, Rich, Crites & Wesp, Jeffrey A. Rich* and *James R. Gorry,* for appellant Board of Education of the Westerville City School District.

*Per Curiam.* The appellants contend that R.C. 5715.19(G) precludes a property owner from testifying about the terms and conditions of a sale before the BTA if (1) the owner did not testify or otherwise present admissible evidence concerning the sale to the board of revision and (2) the owner does not show good cause for the failure to do so. We agree.

R.C. 5715.19(G) provides:

"A complainant shall provide to the board of revision all information or evidence within the complainant's knowledge or possession that affects the real property that is the subject of the complaint. A complainant who fails to provide such information or evidence is precluded from introducing it on appeal to the board of tax appeals or the court of common pleas, except that the board of tax appeals or court may admit and consider the evidence if the complainant shows good cause for the complainant's failure to provide the information or evidence to the board of revision."

This court has had occasion to rule on R.C. 5715.19(G). In *Coventry Towers, Inc. v. Strongsville* (1985), 18 Ohio St.3d 120, 18 OBR 151, 480 N.E.2d 412, the city revised a report it had presented to the board of revision before the city presented it to the BTA. The property owner objected to the admission of the revised appraisal. Nevertheless, the BTA admitted the city's revised appraisal into evidence.

On appeal, we affirmed the BTA's ruling because the property owner presented no evidence that the city had the information contained in the revised appraisal within its knowledge or possession when it appeared before the board of revision. In fact, the appraiser testified that much of the information presented in the revised appraisal "was obtained as a result of the hearing before the board of revision." *Id.* at 122, 18 OBR at 152, 480 N.E.2d at 413. In applying R.C. 5715.19(G) we held, "This provision requires a complainant before the board of revision to submit all pertinent information affecting the property in question within his knowledge or possession at that time." *Id.* at 121, 18 OBR at 152, 480 N.E.2d at 413.

CASA's counsel stated that Murdy's testimony was being presented only "to amplify the documents that are already of record." The documents referred to by CASA's counsel were those presented to the BOR and contained in the transcript sent to the BTA, but "not relied on by the BOR."

The BTA accepted Murdy's testimony, stating that it was "merely intended to amplify evidence previously submitted to, but not considered by the BOR," and that it was not "the type of 'new' information contemplated" by R.C. 5715.19(G).

The BTA erred because it accepted Murdy's testimony "to amplify evidence previously submitted to, but not considered by the BOR." CASA proffered the

documents at the BOR, which had not admitted them into evidence. The BTA observed that the BOR did not consider the documents "because appellant [CASA] did not provide a witness at the BOR hearing to authenticate or lay a proper foundation for these documents." The BTA should have excluded Murdy's testimony because it did not pertain to any evidence or information provided to the BOR. Further, CASA did not attempt to show good cause why it had not presented the evidence or information Murdy testified about to the BOR.

Accordingly, we hold that the decision of the BTA is unreasonable and unlawful and it is reversed.

*Decision reversed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, COOK and LUNDBERG STRATTON, JJ., concur.

PFEIFER, J., dissents.