DECISION AND JUDGMENT ENTRY
This accelerated case is before the court on appeal from a judgment of the Lucas County Court of Common Pleas, which granted summary judgment to appellee, German Mutual Insurance Company ("German Mutual"). Appellants, Karen Burkholder, individually and as the Administratrix of the Estate of Derek L. Burkholder, and Larry Burkholder, appeal that judgment and assert the following assignment of error:
 "The trial court erred in granting judgment as a matter of law in favor of German Mutual Insurance Company and against Karen and Larry Burkholder."
On June 27, 1998, appellants' son, Derek Burkholder, was a passenger in a motor vehicle involved in a collision caused by another motorist on U.S. 20. Derek was severely injured and died as a result of those injuries on June 30, 1998. At the time of the accident, appellants held both a motor vehicle insurance policy and a farmowner's/homeowner's insurance policy with German Mutual. The farmowner's policy insures farm property, as well as providing personal liability coverage for appellants. The policy Declarations state that the policy period commenced on February 1, 1998 and ended February 1, 1999.
Subsequent to settling with the tortfeasor's liability insurer and the insurer of the vehicle in which Derek Burkholder was traveling as a passenger, appellants demanded $500,000 in uninsured/underinsured coverage under the terms of their German Mutual motor vehicle insurance policy. They also demanded $1,000,000 in underinsured coverage under their farmowner's policy.
After German Mutual refused appellants' demands, they instituted the instant declaratory judgment action. Appellants also asserted a claim for bad faith. German Mutual filed a motion for partial summary judgment contending that appellants were not entitled to underinsured motorist coverage under their farmowner's policy. Appellants responded and filed their own motion for partial summary judgment.
Originally, the trial court granted partial summary judgment to appellants on, among other things, the issue of whether underinsured motorist coverage was available under the German Mutual farmowner's policy. However, German Mutual filed a motion for reconsideration and a supplemental motion for reconsideration based upon the law set forth in a recent Ohio Supreme Court case, Davidson v. Motorists Mut. Ins. Co. (2001), 91 Ohio St.3d 262, and upon R.C. 3937.18(L), as effective September 3, 1997.
The trial court granted German Mutual's motion for reconsideration, finding that the farmowner's policy was not a motor vehicle liability policy subject to the requirements of Ohio's uninsured/underinsured motorist's coverage statute, former R.C. 3937.18(A). R.C. 3937.18(A) previously required a motor vehicle liability insurer to offer its insureds uninsured/underinsured motorist coverage. The insurer's failure to do so resulted in the acquisition of such coverage by operation of law. Abate v. Pioneer Mut. Cas. Co. (1970), 22 Ohio St.2d 161, 163.
The trial judge cited a second basis for her decision, stating that no specific motor vehicle was named in the farmowner's policy. The court's judgment entry contains the phrase, "there is no just cause for delay," thereby rendering its judgment a final, appealable order under Civ.R. 54(B).
The sole issue on appeal is whether the trial court erred in granting summary judgment to German Mutual on the question of whether German Mutual farmowner's policy can be deemed a motor vehicle liability policy for the purpose of R.C. 3937.18.
Our review of the trial court's denial or grant of summary judgment isde novo. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. A party can prevail on its motion for summary judgment only if: (1) no genuine issue of material fact remains to be litigated; (2) it appears from the evidence that reasonable minds can reach but one conclusion and that conclusion is adverse to the nonmoving party; and (3) the moving party is entitled to summary judgment as a matter of law. Civ.R. 56(C);Horton v. Harwick Chem. Corp. (1995), 73 Ohio St.3d 679, paragraph three of the syllabus.
Appellants maintain that due to certain provisions in the farmowner's policy, it meets the definition of a motor vehicle liability policy. The focus of their arguments is on the personal liability coverage offered under the farmowner's policy. Under Section I, Coverage G, German Mutual agrees to pay up to its limit of liability for damages for bodily injury or property damage for which their insured is legally liable. Nonetheless, the policy excludes from coverage any bodily injury or property damage:
 "e. Arising out of the ownership, maintenance, used [sic], loading or unloading of a "motor vehicle" or motorized bicycle owned or operated by, or rented or loaned to any "insured" or the entrustment by the "insured" of a "motor vehicle" to any person."
Exclusion e. does not apply to "bodily injury" to any "residence employee" arising out of and in the course of the "residence employee's" employment by any "insured." Appellants argue that because of this limited liability coverage for bodily injury to a "residence employee," the farmowner's policy is a motor vehicle liability policy.
We agree with appellants that this issue is a cause of conflict between the decisions of Ohio appellate districts and is currently pending before the Ohio Supreme Court. See Lemm v. Hartford (2001), 93 Ohio St.3d 1475. In Lemm, the issue of whether a particular insurance policy was a motor vehicle liability insurance policy for the purpose of imposing uninsured/underinsured motorist coverage was decided through case law. See Davidson, supra; and Selander v. Erie Ins. Group (1999),85 Ohio St.3d 541. However, as effective September 3, 1997, R.C.3937.18(L), sets forth a legislative definition of an automobile liability or motor vehicle liability policy. Therefore, we are of the opinion that our analysis is restricted to a determination of whether the farmowner's policy is a motor vehicle liability insurance policy within the meaning of the statutory definition.
R.C. 3937.18(L)(1), as effective on September 3, 1997, expressly defines an "automobile liability or motor vehicle liability policy of insurance" as:
 "any policy of insurance that serves as proof of financial responsibility, as proof of financial responsibility is defined by Division (K) of Section 4509.01 of the Revised Code, for owners or operators of the motor vehicles specifically identified in the policy of insurance." (Emphasis added.)
It is undisputed that the farmowner's policy in this case was issued on February 1, 1998. It is also undisputed that neither the Declarations page of appellants' farmowner's policy nor the policy itself identifies any specific motor vehicles. Appellants contend, however, that a reading of the Declarations and the policy reveals that it insures "residence employees" for all motor vehicles owned, maintained, operated, used, loaded, or unloaded at appellants' farm (17322 County Road H, Wauseon, Ohio) as of June 27, 1998. Appellants claim that this satisfies the definition of "specifically identified" as set forth in the statute. We disagree.
Courts give words in statutes their plain and ordinary meaning unless otherwise defined. Coventry Towers, Inc. v. Strongsville (1985),18 Ohio St.3d 120, 122. "Specific" means "constituting or falling into a specifiable category" and "restricted to a particular individual, situation, relation or effect." Merriam-Webster's New Collegiate Dictionary (10th ed. 1996) 1128. Its synonyms are "special" and "explicit." Id. To be "special" is to be "distinguished by some unusual quality." Id. "Explicit" is defined as "fully revealed or expressed without vagueness, implication, or ambiguity: leaving no question as to meaning or intent." Id. at 409. Under the definition of "explicit," the synonym "specific" is said to apply "to what is precisely and fully treated in detail and particular." Id. "Identify," as used in the statute is defined as "to establish the identity of." Id. at 575. "Identity" is, as applicable here, the distinguishing character or personality of any individual: INDIVIDUALITY."
Thus, we find the plain meaning of the words "specifically identified" as they are used in R.C. 3937.18(L)(1) is that the motor vehicles must be precisely, particularly and individually identified in order to meet the statutory definition. The German Mutual farmowner's policy does not provide this degree of identification. Therefore, the farmowner's policy is not an automobile liability or motor vehicle liability insurance policy. Accord Pickett v. Ohio Farmers Ins. Co. (Jan. 14, 2002), Stark App. Nos. 2001CA00227 and 2001CAO0236, unreported; Davis v. State FarmFire and Cas. Co (Dec. 18, 2001), Franklin App. No. 00AP-1458, unreported; Jump v. Nationwide Ins. Co. (Nov. 2, 2001), Montgomery App. No. 18880, unreported; Jones v. Nationwide Mut. Ins. Co. (July 23, 2001), Stark App. No. 2000CA00329, unreported, discretionary appeal allowed, Jones v. Nationwide Ins. Co. (2001), 93 Ohio St.3d 1496. Consequently, German Mutual was not required to offer appellants uninsured/underinsured motorist coverage, and its failure to do so does not give rise to said coverage by operation of law.
For the foregoing reasons, we find that the trial court properly granted summary judgment to German Mutual as a matter of law. Appellants' sole assignment of error is found not well-taken.
On consideration whereof, this court finds that substantial justice was done the party complaining, and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellants are ordered to pay the costs of this appeal.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, J., Melvin L. Resnick, J., and James R. Sherck, J. concur.