OPINION
{¶ 1} Mark S. Stenglein ("Stenglein") appeals the December 9, 2002 judgment entry of the Portage County Court of Common Pleas granting Donna L. Nelson's ("Nelson") motion for summary judgment. For the reasons set forth below, we affirm the decision of the trial court in this matter.
 {¶ 2} On July 24, 1999, Stenglein was injured in a motor vehicle accident caused by Nelson's failure to stop at a stop sign. During the period from July 24, 1999 to July 24, 2001, Nelson was absent from Ohio on two separate occasions: (1) Nelson traveled to Maryland, leaving in the evening of April 4, 2001, and returning at approximately 10:45 p.m. on April 6, 2001, and (2) Nelson traveled to West Virginia, leaving in the morning of April 30, 2001, and returning in the evening of May 1, 2001. Also, Nelson attended a 72 hour drivers' intervention program as a result of a DUI conviction, entering the program in the evening of March 9, 2000, and being released in the afternoon of March 12, 2000.
 {¶ 3} Stenglein filed a complaint for personal injuries on July 31, 2001, two years and seven days from the date of the accident. Nelson filed a motion for summary judgment claiming that Stenglein failed to file his claim within the relevant statute of limitations. Stenglein filed a brief in opposition to Nelson's motion for summary judgment arguing that the statute of limitations tolled during Nelson's two out-of-state trips, as well as during her attendance at the drivers' intervention program. The trial court found that Nelson's attendance at the drivers' intervention program did not qualify as imprisonment and, therefore, the statute of limitations did not toll for the 72 hours she attended the program. The trial court further found that Nelson's out-of-state absences totaled, at most, four days. Thus, the trial court granted Nelson's motion for summary judgment on December 9, 2002.
 {¶ 4} Stenglein timely commenced this appeal and asserts the following assignment of error:
 {¶ 5} "The trial court erred in granting appellee's motion for summary judgment on grounds that R.C. § 2305.15(B) did not operate to toll the running of the statute of limitations for three days."
 {¶ 6} Nelson asserted the following cross-assignment of error in her brief:
 {¶ 7} "The trial court should have granted summary judgment to Appellee under Ohio Rev. C. § 2305.15(A) for the additional, independent reason that Appellants failed to prove that Appellee's isolated and separate partial-day absences from the State of Ohio during the limitations period added up to sufficient time to toll the statute of limitations for the necessary seven days, and because Appellants also failed to prove that any absence by Appellee from the State of Ohio in any way hampered or impeded Appellants' ability to investigate, prepare, file, or serve their Complaint."
 {¶ 8} Stenglein argues that summary judgment was inappropriate because Nelson was confined at the drivers' intervention program. Thus, Stenglein claims the 72 hour drivers' intervention program should be classified as "imprisonment," thereby, entitling Stenglein to toll the statute of limitations for the period in which Nelson was attending said program.
 {¶ 9} Summary judgment is appropriate when there is "no genuine issue as to any material fact [and] *** reasonable minds can come to but one conclusion," which is adverse to the nonmoving party. Civ.R. 56(C). In reviewing a motion for summary judgment, the court must construe the evidence in favor of the nonmoving party. Id. Moreover, an appellate court conducts a de novo review of the trial court's decision to grant summary judgment. Doe v. Shaffer, 90 Ohio St.3d 388, 390, 2000-Ohio-186.
 {¶ 10} "An action for bodily injury or injuring personal property shall be brought within two years after the cause thereof arose." R.C.2305.10. The statute of limitations, however, tolls for the time period in which the person subject to suit departs the state and for the time period in which the person subject to suit is "imprisoned." R.C. 2305.15.
 {¶ 11} Stenglein concedes that the complaint was filed seven days after the two-year statute of limitations ran on his personal injury claim. Thus, the only issue present in this case is whether the statute of limitations was tolled for at least seven days, thereby, making the filing of the complaint timely. A statute of limitations is remedial in nature, Elliott v. Fosdick Hilmer, Inc. (1983), 9 Ohio App.3d 309,312, and, thus, should be given a liberal construction. Cero RealtyCorp. v. American Mfrs. Mut. Ins. Co. (1960), 171 Ohio St. 82, 85. "[S]avings statutes should [also] be liberally construed so that cases are decided on the merits rather than upon technicalities of procedure."Internatl. Periodical Distrib. v. Bizmart, Inc., 95 Ohio St.3d 452,2002-Ohio-2488, at ¶ 7.
 {¶ 12} Statutes of limitations, however, do serve a legitimate purpose and cannot be ignored. A statute of limitations is "intended to put defendants on notice of adverse claims and to prevent plaintiffs from sleeping on their rights." Crown, Cork Seal Co., Inc. v. Parker
(1982), 462 U.S. 345, 352 (citations omitted); see, also, Olinik v.Nationwide Mut. Ins. Co. (1999), 133 Ohio App.3d 200, 211 (a statute of limitations is "a mechanism to prevent fraudulent, stale, or lapsed claims from springing up after long intervals").
 {¶ 13} R.C. 2305.15(B) tolls the statute of limitations on a claim for the period of time in which the defendant "is imprisoned for the commission of any offense ***." (Emphasis added.) When determining the meaning of a statute, a court "must give the words used in statutes their plain and ordinary meaning, unless legislative intent indicates otherwise." Coventry Towers, Inc. v. Strongsville (1985),18 Ohio St.3d 120, 122.
 {¶ 14} The Legislature did not define "imprison" for purposes of R.C. 2305.15. The Legislature did, however, define "imprison" in R.C.1.05(A). "[U]nless the context otherwise requires, `imprisoned' means: [i]mprisoned in a county, multicounty, municipal, municipal-county, or multicounty-municipal jail or workhouse ***." Id. Moreover, Black's Law Dictionary defines imprison as "[t]o confine (a person) in prison." Id. (7th Ed. 2000). Thus, unless the context of the relevant statutes otherwise require, imprisonment does not include attendance at a drivers' intervention program.
 {¶ 15} The penalty for a DUI conviction is "a term of imprisonment of three consecutive days ***." R.C. 4511.99(A)(1). "The court [, however,] may suspend the execution of the mandatory three consecutivedays of imprisonment [and] *** in lieu of the suspended term ofimprisonment, place the offender on probation and require the offender to attend *** a drivers' intervention program." Id. (emphasis added). Moreover, "[a] drivers' intervention program may be used as an alternative to a term of imprisonment ***." (Emphasis added.) R.C. 3793.10. Based on the context and the plain language of R.C. 4511.99(A)(1) and3793.10, it is clear that these statutes do not classify a drivers' intervention program as imprisonment. Thus, even construing the evidence in favor of Stenglein, we cannot find that Nelson's attendance at the drivers' intervention program is "imprisonment" for purposes of R.C.2305.15.
 {¶ 16} Nelson's out-of-state absences alone are not sufficient to toll the statute of limitations on Stenglein's claim for the requisite seven days necessary to save his claim. Thus, it is not necessary to address Nelson's cross-assignment of error regarding the application of partial days absences from the state for tolling purposes.
 {¶ 17} Stenglein's sole assignment of error is, therefore, overruled.
 {¶ 18} For the foregoing reasons, we conclude that Nelson's attendance at the drivers' intervention program did not constitute imprisonment for purposes of R.C. 2305.15 and, therefore, Stenglein's complaint was not timely filed. Thus, we hold that Stenglein's sole assignment of error is without merit. The decision of the Portage County Court of Common Pleas granting Nelson's motion for summary judgment is affirmed.
Judgment affirmed.
WILLIAM M. O'NEILL and CYNTHIA WESTCOTT RICE, JJ., concur.