JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant Penske Truck Leasing, Inc., ("Penske") appeals from a common pleas court decision granting Penske judgment on its breach of contract claim against defendant-appellee, TCI Insurance ("TCI"). Penske claims the court erred by failing to award it the expenses it has incurred in defending a lawsuit currently pending in United States District Court, as damages for TCI's failure to provide it with insurance coverage as required by the contract between Penske and TCI. TCI has cross-appealed, urging that the court erred by awarding Penske its expenses in litigating this action and by holding that Penske was entitled to any recovery beyond the damages to which the parties stipulated. We find the trial court's order was not final and appealable. Therefore, we lack jurisdiction to consider these issues.
 Procedural History {¶ 2} Penske filed its complaint against TCI on August 25, 2003. First, Penske claimed that TCI breached a Motor Carrier Transportation Agreement ("MCTA") with Penske, pursuant to which TCI agreed to assume all liability for any loss or damage to Penske's property being transported by TCI and to carry public liability and property damage insurance. Penske alleged that a TCI driver was involved in an accident with Penske's tractor-trailer, as a result of which the tractor-trailer was completely destroyed. Penske further alleged that the negligence of TCI's driver caused the damage.
 {¶ 3} TCI answered and subsequently filed a third-party complaint against General Motors Corporation and Briskin Manufacturing for contribution and indemnity.
 {¶ 4} On December 3, 2004, Penske filed a motion for summary judgment asserting that TCI was liable to it for the damage to its tractor-trailer under bailment law and the express terms of the MCTA. Furthermore, Penske claimed TCI was negligent, and breached the MCTA by failing to obtain insurance coverage which would have protected Penske from this loss and from the expenses of pursuing this case. The court granted this motion in part in the following order entered March 23, 2005:
 {¶ 5} "* * * * After construing the facts in a light most favorable to the non-moving party, there are no genuine issues of material facts with respect to the issue of failure to obtain insurance. The court hereby finds plaintiff's motion for summary [sic] well-taken with respect to defendant's failure to obtain insurance only. Plaintiff's motion for summary judgment with respect to bailment, the express terms of the contract, and negligence is denied. The court finds that genuine issues of material facts exist that would lead reasonable minds to different conclusions on the matter. As such, plaintiff's motion for summary judgment is denied as to these matters. Plaintiff's motion for summary judgment is therefore granted only in part."
 {¶ 6} The court then ordered the parties to submit briefs regarding "the issue of damages resulting from this court's granting of the summary judgment motion pertaining to lack of insurance only," and scheduled oral argument as to these damages. Following the hearing, the court issued an order on November 29, 2005, finding that Penske was entitled to the full value of the tractor-trailer, which the parties had stipulated at $32,515, plus interest at the rate of six percent from the date the truck was lost, September 1, 2001. The court further found that "Penske is entitled to recover all legal fees and expenses that are incurred in recovering the cost of the vehicle" in the present case, "which at the time of the hearing amounted to $11,332.00." However, the court did not find that Penske was "entitled to receive costs associated with the case that is currently pending in Federal Court." Finally, the court ordered that "the case shall proceed to trial with the remaining issues."
 {¶ 7} A week later, on December 6, 2005, the court entered the following further order:
 {¶ 8} "This Court's prior journal entry, dated November 29, 2005, indicated that Plaintiff was not entitled to attorney fees and costs for the case that is currently pending in Federal Court. To further clarify, it is this Court's position that the Cuyahoga County Court of Common Pleas is not the proper forum to address the assessment of costs and attorney fees for a case currently pending in Federal Court. As such, this Court will not award costs and attorney fees for a case pending in Federal Court.
 {¶ 9} "There is no just cause for delay."
 Law and Analysis {¶ 10} The common pleas court's order of December 6, 2005, attempted to meet the requirements of Civ.R. 54(B) by stating that there was "no just cause for delay[ing]" the appeal of the November 29, 2005 order. However, the November 29 order did not dispose of an entire claim. Accordingly, the order was not final and appealable.
 {¶ 11} Penske's complaint contains two claims, one for breach of contract and one for negligence. The contract claim asserts that TCI breached the contract in several respects.[1]
Because the trial court's judgment disposed of only one of these theories of recovery, the question arises whether each of these alleged breaches is a separate "claim for relief" as to which the trial court may enter a final judgment with an express determination under Civ.R. 54(B) that there is no just reason for delay, or whether they are so intertwined that they must be resolved together.
 {¶ 12} "Rule 54(B)'s general purpose is to accommodate the strong policy against piecemeal litigation with the possible injustice of delayed appeals in special situations." Noble v.Colwell (1989), 44 Ohio St.3d 92, 96. Hence, the rule allows the trial court to "enter final judgment as to one or more but fewer than all of the claims or parties," but "only upon an express determination that there is no just reason for delay." A "claim," for purposes of Civ.R. 54(B), is synonymous with the phrase "cause of action." Noble v. Colwell (1989), 44 Ohio St.3d 92,95.
 {¶ 13} The trial court's order did not dispose of any of Penske's claims for two reasons. First, the court did not finally determine Penske's damages on the one breach of contract theory as to which it found TCI liable. The court concluded, inter alia, that "Penske is entitled to recover all legal fees and expenses that are incurred in recovering the cost of the vehicle in the case filed in State Court, which at the time of the hearingamounted to $11,332.00." This statement implies that additional legal fees and expenses may accrue in the future; consequently, the award is not final. See, e.g., State ex rel White v.Cuyahoga Metropolitan Housing Auth., 79 Ohio St.3d 543, 546,1997-Ohio-366. Second, the alleged breaches of contract are all interrelated. They all arise from the same set of facts. Judicial economy demands that they all be resolved before we assume jurisdiction. Ollick v. Rice (1984), 16 Ohio App.3d 448, 452.
Dismissed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Cooney, P.J., and Calabrese, Jr., J., concur.
[1] At various points in its summary judgment motion, Penske asserted that TCI breached the MCTA by (1) failing to deliver Penske's property in the same condition as received, (2) failing to provide a qualified driver to transport it, (3) failing to assume liability for the loss of or damage to Penske's property while it was in TCI's custody, (4) failing to assume costs, expenses and liabilities incidental to the transportation of the tractor-trailer, and (5) failing to provide public liability and property damage insurance. The damages available for breach of each of these provisions overlap, but they do not all coincide. Thus, judgment on one of these claims does not automatically moot the others. Cf. Wise v. Gursky (1981), 66 Ohio St.3d 247.