[Cite as *Jackson Local School Dist. Bd. of Edn. v. Belpar Sq. Assocs., Ltd.*, 2011-Ohio-1777.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| JACKSON LOCAL SCHOOL DISTRICT BOARD OF EDUCATION | JUDGES: Hon. Sheila G. Farmer, P. J. Hon. John W. Wise, J. |
| Appellant | Hon. Julie A. Edwards, J. |
| -vs- | Case No. 2010 CA 00248 |
| BELPAR SQUARE ASSOCIATES, LTD., et al. | |
| Appellees | O P I N I O N |

CHARACTER OF PROCEEDING:      Civil Appeal from the Court of Common Pleas, Case No.  2009 CV 04493

JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      April 11, 2011

APPEARANCES:

For Appellant

ROBERT M. MORROW
1650 Lake Shore Drive, Suite 285
Columbus, Ohio  43204

For Appellee Belpar

JOHN V. BOGGINS
1428 Market Avenue North
Canton, Ohio  44714

*Wise, J.*

{¶1} Appellant Jackson Local School District Board of Education appeals the decision of the Court of Common Pleas, Stark County, which granted a tax valuation appeal by Appellee Belpar Square Associates, Ltd. for a reduction in appraisal value for a commercial property in the Belden Village area of Jackson Township. The relevant facts leading to this appeal are as follows.

{¶2} The property at issue in this appeal is a multi-tenant commercial complex, generally known as the Aston Park Professional Centre, located at 4670 Belpar Street N.W. in Jackson Township, Stark County. The property was built in the early 1980s as a retail center and was later converted to a multi-use format. The property consists of three parts: the central Parcel No. 16-19651 (Parcel No. 1), as well as Parcel Nos. 16-15892 and 16-15894 (Parcels 2 and 3).

{¶3} In 2008, the Stark County Auditor evaluated the combined value of the property for tax purposes at $3,773,700.00. Appellee Belpar thereupon filed a complaint with the Stark County Board of Revision "(BOR") seeking a revaluation to the sum of $2,100,000.00. Appellant Jackson Local School District Board of Education filed a counter-complaint in support of the auditor's valuation.

{¶4} On October 15, 2009, the BOR heard the complaint. At the hearing, Blair Zimmerman, the property manager for Appellee Belpar, testified as to the decreased occupancy rate and depressed rents in the area, and he submitted a letter-form summary appraisal prepared by Charles G. Snyder, RM, MAI. In his letter, Snyder opined that the value of the property was $2,100,000.00. This evidence was admitted by the BOR.

{¶5}    At the BOR hearing, Appellant Jackson Township School Board presented no evidence in contradiction of Appellee Belpar's evidence.

{¶6}    The BOR issued a decision on November 6, 2009 which decreased the total valuation to $3,420,900.00 (a reduction of $353,000.00).

{¶7}    Appellee Belpar timely filed a notice of appeal to the Stark County Court of Common Pleas on November 20, 2009. On the same day, Appellee Belpar filed a motion to supplement the record with additional evidence.

{¶8}    Appellant filed no response to appellee's motion to supplement. However, the trial court did not issue a ruling on the motion; therefore, on March 16, 2010, appellee filed a renewed motion to supplement the record. The trial court granted same on April 1, 2010.

{¶9}    On April 19, 2010, appellant filed a motion for reconsideration of the order to supplement the record, which the court denied on May 11, 2010.  At no point did appellant attempt to supplement the record with its own additional evidence in opposition to appellee's evidence. In the meantime, Snyder finalized his comprehensive appraisal on May 10, 2010, using Direct Sales and Income Capitalization Approaches.  He concluded again that the fee simple market value of the Aston Park Centre property was $2,100,000.00.

{¶10} On August 2, 2010, after consideration of the record and evidence, including the supplemented evidence of the aforesaid full appraisal prepared by Charles Snyder, the trial court issued a judgment entry ordering a reduction of the combined value property to $2,100,000.00.

{¶11} On September 2, 2010, appellant filed a notice of appeal. It herein raises the following two Assignments of Error:

{¶12} "I. THE TRIAL COURT ABUSED ITS DISCRETION BY CONSIDERING SUPPLEMENTAL APPRAISAL EVIDENCE SINCE R.C. 5715.19(G) PRECLUDES EVIDENCE THAT WAS NOT PRESENTED TO THE STARK COUNTY BOARD OF REVISION FROM BEING CONSIDERED BY THE TRIAL COURT, WITHOUT GOOD CAUSE SHOWN.

{¶13} "II. THE TRIAL COURT ABUSED ITS DISCRETION BY DEPRIVING APPELLANT JACKSON LOCAL SCHOOL DISTRICT BOARD OF EDUCATION OF THE OPPORTUNITY TO CONFRONT, CROSS-EXAMINE AND REFUTE THE ADDITIONAL APPRAISAL EVIDENCE THAT WAS IMPROPERLY ALLOWED."

**I., II.**

{¶14} In its First and Second Assignments of Error, which we will address together, Appellant Jackson Board of Education contends the trial court erred and abused its discretion by considering Appellee Belpar's supplemental appraisal evidence. We disagree.

{¶15} R.C. 5717.05 addresses procedures in an appeal from a decision of a county board of revision to a court of common pleas. In *Black v. Board of Revision of Cuyahoga County* (1985), 16 Ohio St.3d 11, 475 N.E.2d 1264, at paragraph one of the syllabus, the Ohio Supreme Court held: "R.C. 5717.05 does not require a trial *de novo* by courts of common pleas on appeals from decisions of county boards of revision. The court may hear the appeal on the record and evidence thus submitted, or, in its discretion, may consider additional evidence. The court shall independently determine

the taxable value of the property whose valuation or assessment for taxation is complained of, or, in the event of discriminatory valuation, shall determine a valuation that corrects such discrimination. The judgment of the trial court shall not be disturbed absent a showing of abuse of discretion."

{¶16} Pursuant to this independent review, the trial court "is not required to adopt the valuation of any witness, but is instead vested with wide discretion to determine the weight of the evidence and the credibility of the witnesses." *Security Natl. Bank & Trust Co. v. Springfield City School Dist. Bd. of Edn.* (Sept. 17, 1999), Clark App.No. 98-CA-104, citing *Murray & Co. Marina, Inc. v. Erie Cty. Bd. of Revision* (1997), 123 Ohio App.3d 166, 173, 703 N.E.2d 846, citing *Strongsville Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision* (1997), 77 Ohio St.3d 402, 408, 674 N.E.2d 696. The independent judgment of the trial court is not to be disturbed absent a showing of abuse of discretion. *RDSOR v. Knox Cty. Auditor*, Knox App.No. 08-CA-23, 2009-Ohio-2310, ¶ 26.

{¶17} Appellant first argues the trial court failed to adhere to R.C. 5715.19(G), which states as follows:

{¶18} "A complainant shall provide to the board of revision all information or evidence within the complainant's knowledge or possession that affects the real property that is the subject of the complaint. A complainant who fails to provide such information or evidence is precluded from introducing it on appeal to the board of tax appeals or the court of common pleas, except that the board of tax appeals or court may admit and consider the evidence *if the complainant shows good cause* for the

complainant's failure to provide the information or evidence to the board of revision." (Emphasis added).

**{¶19}** Appellant thus maintains that the trial court should have disallowed Snyder's full appraisal May 2010, alleging the "good cause" requirement of R.C. 5715.19(G) was not demonstrated. Appellant directs us to *CASA 94, L.P. v. Franklin Cty. Bd. of Revision*, 89 Ohio St.3d 622, 734 N.E.2d 369 Ohio, 2000-Ohio-3, in which the Ohio Supreme Court determined that the BTA had erred because it accepted realtor testimony "to amplify evidence previously submitted to, but not considered by the BOR." Id. at 624. The Supreme Court concluded that the BTA should have excluded the realtor's testimony because it did not pertain to any evidence or information provided to the BOR and because the property owner [CASA] "did not attempt to show good cause why it had not presented the evidence or information [the realtor] testified about to the BOR." Id. at 625.

**{¶20}** In the case sub judice, however, the record indicates that Appellee Belpar filed a motion with the trial court on November 20, 2009, requesting the court entertain "additional evidence as to the property evaluation." Appellant did not respond to the motion to supplement. As of March 16, 2010, the trial court had not ruled on the motion; accordingly, appellee on that date renewed its motion to supplement, requesting "the opportunity to present the testimony of Charles Snyder ***." As noted in our recitation of facts, supra, the trial court granted appellee's renewed motion to supplement the record on April 1, 2010, and thereafter denied appellant's motion to reconsider said decision. Appellant maintains that it should have at least been given until April 5, 2010 to respond to appellee's "renewed" motion to supplement the

evidence (such date being four days after the trial court actually granted appellee's motion).[1]

{¶21} However, as the trial court duly noted in its denial of appellant's motion to reconsider, appellant had never responded to appellee's original motion to supplement filed November 20, 2009. Having chosen not to object to appellee's original request for supplementation, we hold appellant cannot now claim that the trial court abused its discretion in considering the full Snyder appraisal. Cf. *Harper v. Harper*, Franklin App.No. 04AP-685, 2005-Ohio-3989, ¶ 19. We further decline to apply the plain error doctrine to the case sub judice. See *Goldfuss v. Davidson,* 79 Ohio St.3d 116, 679 N.E.2d 1099, 1997-Ohio-401.

{¶22} Appellant secondly argues, on more general due process grounds, that the trial court should have allowed appellant the opportunity to confront, cross-examine, and attempt to refute the Snyder full appraisal.

{¶23} We note the Ohio Supreme Court has held: "In reviewing a board of revision's valuation of property, the common pleas court should make its own independent decision but is not required to conduct an independent proceeding. It should reach its own decision without any deference to the administrative finding. However, it should consider the administrative record, giving that record whatever weight the court deems appropriate, even if the court accepts additional evidence."

---

[1]  This date is based on two grounds, according to appellant. First, the trial court had set a briefing schedule for the parties, utilizing an April 5, 2010 deadline for appellant to file its trial brief. Second, as appellant argued in more detail in its motion to reconsider before the trial court, a response date of April 5, 2010 was warranted via an application of Civ.R. 6(E) and Stark County Loc.R. 10.03.

*Park Ridge Co. v. Franklin County Bd. of Revision* (1987), 29 Ohio St.3d 12, 504 N.E.2d 1116, paragraph one of the syllabus.

{¶24} In the case sub judice, appellant did not assert to the trial court that it had available an alternative appraisal, other than the original auditor's valuation before the BOR. In conjunction with our above conclusion as to the applicability of waiver under these circumstances, we hold the trial court did not abuse its discretion in the manner it reviewed the evidence and reached a determination of valuation under R.C. Chapter 5717.

{¶25} Appellant's First and Second Assignments of Error are therefore overruled.

{¶26} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Stark County, Ohio, is affirmed.

By: Wise, J.

Farmer, P. J., and

Edwards, J., concur.



JUDGES

JWW/d 0329

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


JACKSON LOCAL SCHOOL DISTRICT        :
BOARD OF EDUCATION                   :
                                     :
         Appellant                   :
                                     :
-vs-                                 :        JUDGMENT ENTRY
                                     :
BELPAR SQUARE ASSOCIATES,            :
LTD., et al.                         :
                                     :
         Appellees                   :        Case No. 2010 CA 00248


For the reasons stated in our accompanying Memorandum-Opinion, the

judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.

Costs assessed to Appellant Jackson Board.


_____

_____

_____

JUDGES